IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ARNETT WHITAKER,           )
                           )
    Plaintiff,             )
                           )
v.                         )     CIVIL ACTION NO.
                           )
                           )     CV-97-AR-0297-S
STATE OF ALABAMA DEPARTMENT)
OF CORRECTIONS, et al.,    )
                           )
    Defendants.            )

FILED
97 MAR 31 PM 2:50
N.D. OF ALABAMA

ENTERED
MAR 31 1997

### MEMORANDUM OPINION

The court has before it a motion for Rule 56, F.R.Civ.P. disposition by defendants in the above entitled-cause. For the reasons set forth below, defendants' motion is due to be granted.

#### A. Pertinent Facts

Plaintiff, Arnett Whitaker ("Whitaker"), is an inmate at the St. Claire Correction Facility in St. Claire County, Alabama. On August 22, 1996, plaintiff was disciplined for committing the "major" offense of assaulting Timothy Price ("Price"), a fellow inmate. Whitaker's punishment carried with it a 45 day disciplinary segregation and a recommendation for review of more restricted custody status. Allegedly, though no evidence is offered to support this proposition, the segregation entailed

1

Whitaker only receiving two meals per day and only being permitted one shower every other day; furthermore, he was allegedly allowed no visitors or telephone calls.[1] The disciplinary proceedings and outcome were also placed on Whitaker's parole record.[2] During his time of restricted segregation plaintiff did not earn Correctional Incentive Time ("CIT"). Defendants did not deprive plaintiff of any previously earned CITs.

The disciplinary action arose from an incident where plaintiff allegedly slapped Price's face on August 9, 1996. The evidence shows that Price and other prisoners deny the assertions that Whitaker slapped Price. However, Lieutenant Edward Lane ("Lane"), a defendant in this action, conducted an investigation and determined, through information provided by a confidential informant, that Whitaker did assault Price. The prisoner/informant was supposedly "reliable in the past," however no investigation or evidence confirms the veracity of this claim. The alleged assault precipitated a general disturbance where Lane and several other inmates, armed with bats and weights procured from the prison gym, attempted to assault yet another prisoner, Stanley Brown. Prison

---

[1] Other prisoners allegedly received three meals per day, one shower per day, and were permitted visitors.

[2] Though no evidence is offered to support Whitaker's assertion, he has recently been denied parole.

2

guards intervened, struggled with at least one inmate, Edward Johnson, and brought the situation under control. A physical examination of Price revealed no recent injuries to his person.

### B. Summary Judgment Standard

Rule 56 states, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F. R. Civ. P. 56(c). As stated by the Eleventh Circuit, "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994).

### C. Legal Analysis

Plaintiff asserts a 42 U.S.C. § 1983 claim against defendants for their violation of his constitutionally protected due process rights. The alleged "rights" that were violated included plaintiff's "liberty interests" in not being segregated from the other prisoners, in his "being free of an arbitrary and capricious decision by defendants at the disciplinary hearing," and in having a the disciplinary outcome placed on his probation record.

3

Whitaker also contends that he was denied the right to cross-examine the confidential informant in violation of his Sixth Amendment rights.

In order to establish a due process claim, plaintiff must show the deprivation of a protected liberty interest to which he was entitled due process. The Supreme Court in *Sandin v. Conner*, __U.S.__, __, 115 S. Ct. 2293, 2300 (1995), recognized that:

> that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, <u>nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life</u>.

(emphasis added). In *Sandin*, the Court noted that a 30 day disciplinary segregation "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 2293. The Court made this finding based upon a record that showed, "disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody." *Id.* The Court further noted that plaintiff's record, in *Sandin*, had eventually been expunged. *Id.*

4

While the Eleventh Circuit has found that a one year solitary confinement would constitute an "atypical and significant hardship", see *Williams v. Fountain*, 77 F.3d 372, 374 n.3 (11th Cir. 1996), *cert. denied*, __U.S.__, 117 S. Ct. 367 (1996), a 45 day segregation does not. While there is no evidence of the alleged "disparities" between a segregated and non-segregated inmate, those alleged by plaintiff, including one less shower, one less meal, no visitors and no phone calls, do not rise to the level of an "atypical and significant hardship." Therefore, plaintiff's segregation, in this case, did not constitute a violation of any recognized liberty interest.

Plaintiff attempts to distinguish *Sandin* on the fact that the disciplinary record in that case was expunged. For the reasons below neither this court, nor the *Sandin* Court, would find such a distinction tenable. The fact that plaintiff's record reveals he was reprimanded, and the fact that this may affect his parole, similarly does not constitute a deprivation of any liberty interest. In *Sandin*, the Court noted that where the state code does not condition the grant or denial of parole on the presence or absence of a disciplinary record no liberty interest is implicated. *Id.* at 2302. "The chance that a finding of misconduct will alter

the balance [in granting parole] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* Alabama Code § 15-22-26, that outlines standards for the release of prisoners on parole, does not condition parole on either recorded good or bad behavior. The Eleventh Circuit has found that because of this generalized statute, there is no liberty interest in parole in Alabama. *See Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Thomas v. Sellers*, 691 F.2d 487, 488 (11th Cir. 1982). Accordingly, the attenuated assumption that Whitaker's parole will be detrimentally affected his by his reprimand does not invoke due process protections.

Because no liberty interests were implicated, this court need not determine whether plaintiff was deprived of any due process rights or his Sixth Amendment right to cross examine adverse witnesses. The Supreme Court and the Eleventh Circuit have recognized that "inmates subject to disciplinary actions may be denied the right to identify and cross examine adverse witnesses when prison officials are concerned about reprisals[.]" *Williams*, 77 F.3d at 374 (citing *Wolff v. McDonnell*, 418 U.S. 539, 566-70, 94 S. Ct. 2963, 2980-81 (1974)). The court notes, however, that if a liberty interest had been implicated in this case, defendants

6

would have been required to "document some good faith investigation and findings as to the credibility of confidential informants and the reliability of the information provided by them." *Id.* at 375 (citing *Kyle v. Hanberry,* 677 F.2d 1386, 1390-91 (11th Cir. 1982)). On the present record defendants might have failed to have meet the Eleventh Circuit's burden, even though the confidential informant had supposedly been reliable in the past. Defendants are admonished to document and substantiate their use of confidential informants in the future.

A separate and appropriate order will be entered.

DONE this 31st day of March, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT